UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO. 3:12CR266

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CONSENT ORDER AND |
| ) | JUDGMENT OF FORFEITURE |
| v. ) | (PRELIMINARY) |
| ) | PENDING RULE 32.2(c)(2) |
| LINDA SMOOT RADEKER, ) | |
| ) | |
| Defendant. ) | |

BASED UPON the defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1.   The following property is forfeited to the United States pursuant to 18 U.S.C. § 982 and/or 21 U.S.C. § 853(p), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

**A $6,148,566 forfeiture money judgment, such amount constituting the gross proceeds of the health care fraud offense set forth in the Bill of Information; and**

**The following specific property, forfeited in partial satisfaction of the $6,148,566 forfeiture money judgment:**

   **One 2010 Lincoln MKX, VIN 2LMDJ8JC5ABJ30409;**

   **One 2010 Ford Ranger, VIN 1FTKR4EE3APA67310;**

   **One 1998 Coachman RV, VIN 1FDXE40SXWHA39757;**

   **All jewelry and precious metals purchased during the course of the offenses set forth in the Bill of Information, including, but not limited to, at least $551,867 in rings, earrings, diamonds, necklaces, gem stones and pendants;**

   **One Rolex Oyster Datejust Watch purchased during the course of the offenses set forth in the Bill of Information;**

> All assets in Wells Fargo Advisors Account XXXX-0101, such investment account held in the name of Wellness Training Associates, Inc. and/or Linda Radeker;
>
> All funds in Wells Fargo Account XXXXXXXXX6797, such account held in the name of Wellness Training Associates, Inc. and/or Linda Radeker;
>
> All funds in Wells Fargo Account ending in 0849, such account held in the name of Wellness Training Associates, Inc. and/or Linda Radeker;
>
> All funds in Wells Fargo Account ending in 9011, such account held in the name of Wellness Training Associates, Inc. and/or Linda Radeker;
>
> All funds in State Employees' Credit Union Account XXXX2802, such account held in the name of Linda Smoot Radeker;
>
> The real property at 518 W. Sumter Street, Shelby, North Carolina, more particularly described in a deed to Linda F. Smoot-Radeker recorded in Cleveland County Register of Deeds Book 1409, Page 795.

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s) and, as to the Wells Fargo Advisors account in particular, to request liquidation of the assets in the account and take possession and maintain custody of the proceeds of such liquidation.

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture; provided, no such notice is required if this order consists solely of a money judgment.

4. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and requests for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

5. A forfeiture money judgment in the amount of $6,148,566 shall be included in the defendant's sentence, and the United States may take steps to collect the judgment from any property of the defendant, provided, however, that the net proceeds of the liquidation of the specific assets forfeited herein shall be credited toward satisfaction of the money judgment.

The parties stipulate and agree that the aforementioned $6,148,566 money judgment constitutes gross proceeds of defendant's health care fraud offense. The parties also stipulate

and agree that the specific assets identified herein constitute or are derived from gross proceeds of health care fraud, property involved in money laundering, and/or substitute property for purposes of 21 U.S.C. § 853(p). The money judgment and specific assets are therefore subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1) and (7) (forfeiture for money laundering offenses and health care fraud) and 21 U.S.C. § 853(p) (forfeiture of substitute property). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____
BENJAMIN BAIN-CREED, ESQ.
Assistant United States Attorney

_____
LINDA SMOOT RADEKER
Defendant

_____
EDWARD T. HINSON, JR., ESQ.
Attorney for the Defendant

I, Gwynn G. Radeker, hereby waive any right, title, and interest that I may have, by virtue of marriage, title, or otherwise, in the specific assets listed herein. I consent to forfeiture of the specific assets listed herein as part of this criminal case or any related administrative proceeding or civil judicial case. As to all such specific assets, I waive any and all right to further notice of forfeiture in any administrative, civil judicial, or criminal judicial forfeiture proceeding brought by the Government.

_____
GWYNN G. RADEKER

Signed this the 13 day of Sept, 2012

_____
UNITED STATES Magistrate JUDGE